CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
APR 14 2010
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOAN R. PURYEAR, | ) | CASE NO. 4:09CV00028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's December 28, 2005 protectively-filed claim for supplemental security income[1] under the Social Security Act (Act), as amended, 42 U.S.C. § 1381 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision issued on June 25, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, April 3, 2005. (R. 15.) The Law Judge determined plaintiff suffered the following medically

---

[1] Plaintiff infers in her brief that this claim was for both a period of disability and Supplemental Security Income benefits. (Pl's Brief, p. 1.) The record before the court relates only to her application Supplemental Security Income benefits based on an alleged disability.

determinable impairments: hypertension, ovary and other uterine adnexa, and malignant neoplasm. (*Id.*) However, the Law Judge believed that she did not suffer any severe impairment or combination of impairments that limited, or was expected to significantly limit, her ability to perform basic work-related activities for a period of twelve consecutive months. (*Id.*) The Law Judge ultimately found plaintiff was not disabled under the Act. (R. 19.)

Plaintiff appealed the Law Judge's June 25, 2007 decision to the Appeals Council. (R. 5-7.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 5.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her motion for summary judgment, plaintiff initially argues that the Law Judge erred by disregarding her complaints of pain and limitations. (Pl's Brief, pp. 15-17[2].) Plaintiff contends that the Law Judge erred in finding that she did not have a medical impairment that could

---

[2]Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

2

reasonably be expected to produce the symptoms she alleged. (*Id.*) Specifically, plaintiff contends that the Law Judge disregarded her complaints of uncontrollable bowels with the need to use the bathroom frequently. (Pl's Brief, p. 17.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir.1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir.2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

Social Security Ruling ("SSR") 96-7p establishes a two-step process for evaluating or assessing a claimant's statements about his or her symptoms. Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally limiting effects of the symptoms are not supported by substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

Contrary to plaintiff's position before the court, the Law Judge *found* that her medically determinable impairments could reasonably be expected to produce her alleged symptoms. (R. 17.) However, he discredited her testimony concerning their intensity, persistence and limiting effects, leading to his conclusion that plaintiff did not suffer a severe impairment.

Plaintiff believes her bowel disorder was shown to be a severe impairment, and believes the Law Judge's finding to the contrary is not supported by substantial evidence. (Pl's Brief, p. 17.) She also contends that the Law Judge failed to determined whether the side effects caused by her medication and her high blood pressure were severe impairments. (Pl's Brief, pp. 17-20.)

In that connection, a severe impairment is one which, either alone or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[3]. 20 C.F.R. § 416.920(c). To be non-severe, an impairment must be more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler,* 724 F.2d 914, 920 (4th Cir.1984) (emphasis in original). The burden is on the plaintiff to provide medical evidence establishing the existence and severity of a claimed impairments and to establish how those impairments affect work-related functioning. 20 C.F.R. § 416.912(a).

Plaintiff testified during her May 16, 2007 hearing that she goes to the bathroom between twenty-five and thirty times, on a bad day, and between five and ten times on a good day. (R. 252.) From the undersigned's review of the record, that report of bowel symptoms is mentioned only once in the record during an examination by Andrew Berchuck, M.D. (R. 236.)

---

[3]Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(1)-(6).

Interestingly, her physician noted weight gain of seven pounds since he had last seen the plaintiff, that she denied any other gastrointestinal complaints, and there was no nausea, vomiting, heartburn or blood in plaintiff's stool. (*Id.*) The treating physician referred plaintiff to a gastroenterologist, and no further medical evidence of any gastrointestinal disorder was reported.[4] (R. 237.)

Plaintiff's evidence concerning the existence and effects of high blood pressure is equally unavailing on a substantial evidence review. While the evidence reveals that plaintiff's blood pressure fluctuated over the relevant time period, there is little to demonstrate that the condition impacted her ability to perform basic work activities. In fact, the condition appears to have been relatively stabilized with medication which caused her to experience only "slightly" elevated blood pressures at times (R. 143, 153, 223, 227, 228) and at other times the condition was under "good control" (R. 153, 227, 231.). She frequently was encouraged to begin a weight control program and initiate lifestyle changes to lower her blood pressure. (R. 153, 227, 228, 230, 231, 233, 234, 241.) Finally, plaintiff has failed to show that the alleged side effects of her medication are sufficiently severe to impact her ability to perform basic work activities.

Moreover, the opinions of the State agency record reviewing physicians support the Law Judge's finding that plaintiff did not suffer any severe impairments. On October 3, 2006, Gale Nicholson, M.D. opined that plaintiff did not have any severe impairments. (R. 203.) This opinion was echoed by three other State agency record reviewing physicians. (R. 200-202.)

---

[4]There is no question that plaintiff was diagnosed with an ovarian cyst which was successfully removed in 2005 without recurrence. By 2006, plaintiff had gained 20 lbs., was being followed post cancer surgery and was believed to be experiencing a menopausal disorder. (R. 220.) Because she continued to experience increasing abdominal girth, she was referred, in 2007 to Dr. Berchuck, whose report is cited above. (R. 236.)

5

Believing that the Commissioner's final decision is supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4-14-2010
Date